UNITED ARTISTS CORPORATION *v.* GRAND RAPIDS CORPORATION.

ALLIED PRODUCERS & DISTRIBUTORS CORPORATION *v.* SAME:

1. APPEAL AND ERROR—WEIGHT OF EVIDENCE—QUESTION FOR REVIEW.

Where, in an action for the breach of a contract, tried before the court without a jury, the defense was fraud, and the evidence thereof adduced by defendant, if true, was sufficient to avoid the contract, the question before the Supreme Court, in reviewing, on error, a judgment for defendant, is whether the finding of fraud by the trial judge is against the clear weight of the evidence.[1]

2. SAME—FRAUD—WEIGHT OF EVIDENCE.

The finding of fraud by the trial judge, *held,* not against the clear weight of the evidence.[2]

Error to Kent; Dunham (Major L.), J.    Submitted June 25, 1926.    (Docket Nos. 74, 75.)    Decided October 4, 1926.

[1]Appeal and Error, 4 C. J. § 2855; [2]Id., 4 C. J. § 2855.

Separate actions of assumpsit by the United Artists Corporation and the Allied Producers & Distributors Corporation against the Grand Rapids Corporation for breach of moving picture contracts.    The cases were consolidated and tried as one.    Judgments for defendant.    Plaintiffs bring error.    Affirmed.

*Norris, McPherson, Harrington & Waer* (*Yerkes, Simons & Goddard,* of counsel), for appellants.

*Travis, Merrick, Warner & Johnson,* for appellee.

CLARK, J.    These cases were tried and submitted as one.    This opinion will dispose of both of them. Defendant is an exhibitor of moving pictures at Grand Rapids.    Plaintiffs, distributors of films, employed a salesman, Shull.    His negotiations with Lawrence, defendant's manager, and Wurzburg, its president, resulted in contracts between plaintiffs and defendant to exhibit three pictures at the following prices: "Rosita," $3,500; "Woman of Paris," $3,000; "Richard the Lion Hearted," $800.    Defendant would not accept the films and did not pay.    These suits followed. The defense is that the contracts lack mutuality and that they were obtained by fraud.    After trial without jury, Judge Dunham found for defendant on both grounds.    Judgments were entered thereon.    Plaintiffs bring error.

Evidence of fraud, adduced by defendant, if true, is sufficient to avoid the contracts.    In this regard the question is, Is the finding of the trial judge against the clear weight of the evidence?    Three witnesses gave pertinent testimony.    Wurzburg testified that he was induced to make the contracts by the representation of Shull that the competing exhibitor in Grand Rapids, known as the Consolidated, had offered $3,000 for "Rosita," and, quoting:

"But when I spoke to him (Shull) and Mr. Lawrence

about this frightful price, I called it, that they were asking for it, he said that the Consolidated had offered $3,000 for it and if we wanted it, why we would have to pay the price.    *    *    *

"Q. Tell us why that induced you to sign the contract in reliance on the truth of that statement?

"A. We did not want our competitor to get it.
*    *    *

"Q. Did you have any conversations with anybody representing the United Corporation in regard to the picture known as 'The Woman of Paris?'

"A. Yes, it was all one conversation.

"Q. You mean the thing took place at the same time?

"A. Absolutely, and with one combination.

"Q. You signed the contract for 'The Woman of Paris' and 'Rosita' at the same time?

"A. Yes, sir.

"Q. How about this one, the contract for 'Richard the Lion Hearted?'

"A. It was all one.    *    *    *

"A. In substance, it was that he was evidently trying to get the best pay, and if we did not buy them, the Majestic (Consolidated) would, that they had already offered him $3,000 for 'Rosita.'   Just what he said about each individual one I don't remember, but I do remember this one particularly, and it was all one deal, the three pictures were one deal.

"Q. You mean by that, in order to get one you would have to take all?

"A. Absolutely.

"Q. At the prices that were fixed in these contracts?

"A. Yes, sir, the combination, as I remember it."

There was testimony that these films had not been offered to the Consolidated and that it had made no offer for license to exhibit them or any of them.   Shull denied having made the misrepresentation to Wurzburg.   In considering the flat contradictions between these witnesses, it should be noted that Ealand, who succeeded Lawrence as defendant's manager, testified of statements of the claimed fraud made by Shull, contradictory of his testimony.   This evidence must be

regarded in determining the weight of Shull's testimony, and, of course, all that the witnesses said must be considered.

On full consideration we must decline to hold the finding to be against the clear weight of the evidence. The chief misrepresentation applied directly to "Rosita," but Wurzburg's testimony that the deal was one, that the three pictures must be taken or rejected as a combination, made the misrepresentation indirectly applicable to the other pictures, tainted all the contracts with fraud.

The other question is unnecessary to decision.

Judgments affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.